IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BRYAN SCOTT CAVETT, #2124183,<br><br>    Plaintiff,<br><br>v.<br><br>BRYAN COLLIER, et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§   Case No. 6:24-cv-256-JDK-JDL<br>§<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Bryan Scott Cavett, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On September 16, 2024, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2) for failure to state a claim upon which relief can be granted. Docket No. 15. Plaintiff objected. Docket No. 17.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Magistrate Judge recommended dismissal of Plaintiff's claims arising from the alleged loss of his outgoing legal mail because Plaintiff's allegation that Defendants must have intentionally lost or tampered with his mail is speculative, and the substance of his mailings, including legal challenges about lost property and the prison grievance system, does not satisfy the injury requirement for an access-to-courts claim under *Lewis v. Casey*, 518 U.S. 343, 354–55 (1996) (limiting such claims to those involving injury to non-frivolous civil rights claims or challenges to an inmate's his sentence). Docket No. 15 at 5–8. The Magistrate Judge further explained that Plaintiff had not alleged any chronology from which retaliation could be plausibly inferred and that Plaintiff has no constitutional right to an effective grievance system. *Id.* at 8–11. Plaintiff's objections rehash his allegations but do not demonstrate any errors in the Magistrate Judge's analysis or conclusions.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 17) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 15) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2) for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **18th** day of **October, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE